SUMMARY ORDER

Petitioners Allmir and Vllaznim Bosh-trakaj, natives of the former Yugoslavia and citizens of the Republic of Serbia, seek review of the February 28, 2008 order of the BIA affirming the April 24, 2006 decision of Immigration Judge (“IJ”) Douglas B. Schoppert denying their applications for asylum, withholding of removal, and relief under the Convention Against Tortui-e (CAT). In re Allmir Boshtrakaj, Vllaznim Boshtrakaj, Nos. A96 266 105, A96 266 109 (B.I.A. Feb. 28, 2008), aff'g Nos. A96 266 105, A96 266’109 (Immig. Ct. N.Y. City Apr. 24, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Mohammad Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact, including whether a petitioner’s acts rendered her a “persecutor” under the INA. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008); Xu Sheng Gao v. U.S. Att’y Gen., 500 F.3d 93, 98 (2d Cir.2007). Because the Boshtrakajs failed to sufficiently challenge the agency’s denial of their CAT claim in either their brief to the BIA or their brief to this Court, we deem that claim abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
An alien who “ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, *101 religion, nationality, membership in a particular social group, or political opinion” is not eligible for asylum or withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i). In Zhang Jian Xie v. INS, we held that whether an applicant was forced to assist in persecution was irrelevant to determining if he was ineligible for relief pursuant to these provisions, since, “in assessing the character of an individual’s conduct, we look[ ] not to the voluntariness of the person’s actions, but to his behavior as a whole.” 434 F.3d 136, 142-43 (2d Cir.2006); see id. at 141 (observing that, in Fedorenko v. United States, 449 U.S. 490, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981), the Supreme Court “rejected ‘involuntariness’ as a defense ... [to] assistance in persecution”).
Recently, however, in Negusie v. Holder, -U.S.-, 129 S.Ct. 1159, 173 L.Ed.2d 20 (2009), the Supreme Court held that the BIA had erred in relying on Fedorenko in rejecting an applicant’s argument for a voluntariness or duress exception to the persecutor bar, 8 U.S.C. §§ 1158 (b) (2) (A) (i), 1231(b)(3)(B)(i). See Negusie, 129 S.Ct. at 1167. Specifically, the Supreme Court determined that, although Fedorenko did declare that there was no duress exception to ineligibility under 8 U.S.C. § 1182(a)(3)(E)(i), its holding was limited to that particular statute, and thus the BIA’s blanket prohibition of a voluntariness exception constituted a “mistaken assumption stem[ing] from a failure to recognize the inapplicability of the principle of statutory construction invoked in Fedorenko, as well as a failure to appreciate the differences in statutory purpose.” Id. For these reasons the Supreme Court held that “[t]he BIA is not bound to apply the Fedorenko rule that motive and intent are irrelevant to the persecutor bar ... [under § 1182(b)(2)(A)(i) and § 1231 (b)(3)(B)(i) ].” Id.
Here, because the BIA relied on Fedor-enko in rejecting the Boshtrakaj’s claims for asylum and withholding of removal, remand is necessary for the agency to properly assess the merits of Boshtrakaj’s voluntariness arguments in light of Negu-sie. Indeed, this is particularly significant given that, in affirming the IJ’s finding of ineligibility, the BIA expressly noted that, “[w]hile we are aware that ... [Boshtra-kaj] engaged in this conduct while detained ... we stress that there is no involuntariness exception to the persecutor bar.” Joint Appendix at 33 (citing Zhang Jian Xie, 434 F.3d 136; Matter of Fedorenko, 19 I. & N. Dec. 57 (BIA 1984)).
For the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED and the case is REMANDED for further proceedings. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.